# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **LATERIS WATERS,**<br><br>    Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA**,<br><br>    Defendant. | Case No. 7:14-CR-48-5 (HL) |

### ORDER

Before the Court is Petitioner Lataris Waters' Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Based on a Retroactive Amendment to the United States Sentencing Guidelines ("U.S.S.G."). (Doc. 545). Upon consideration, Petitioner's motion is **DENIED**.

**I.    BACKGROUND**

By means of a superseding information filed on October 15, 2015, Petitioner was charged with Conspiracy to Possess with Intent to Distribute Cocaine and Cocaine Base in violation of 21 U.S.C. §§ 846 , 841(a)(1), and 841(b)(1)(B). (Doc. 347). Petitioner waived prosecution by indictment and pled guilty to the information on October 26, 2015. (Docs. 372, 374). Petitioner was sentenced on February 25, 2016 to a term of imprisonment of 60 months, followed by four (4) years supervised release. (Doc. 500). Petitioner did not appeal her conviction. (Doc. 497).

## II. DISCUSSION

Under 18 U.S.C. § 3582(c), a district court may not modify a term of imprisonment once it has been imposed except: (1) upon motion of the Director of the Bureau of Prisons; (2) when "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) when the "term of imprisonment [is] based on a sentencing range that has subsequently been lowered" by an amendment to the Sentencing Guidelines. See 18 U.S.C. § 3582(c). Petitioner here argues under § 3582(c)(2) that Amendment 794, which applies to U.S.S.G. § 3B1.2 and addresses mitigating role reductions, applies retroactively to reduce her term of imprisonment.[1]

It is apparent from Petitioner's Final Presentence Investigation Report ("PSR") that her sentence was calculated according to the 2015 Guideline Manual, which incorporated all guideline amendments, including Amendment 794. (Doc. 486, § 22). The PSR further reflects a two point reduction in Petitioner's offense level as a minor participant in the conspiracy. (Id. at § 27).

---

[1] Amendment 794 became effective November 1, 2015. Petitioner was not sentenced until February 2016. Because Petitioner was sentenced after the amendment took effect, the retroactivity of the amendment is not at issue. However, the Court notes that since Amendment 794 is a clarifying amendment and made no change to the substantive law, the amendment is retroactive only on direct appeal or under a § 2255 motion. See U.S.S.G. Supp. App. C, Amend. 794, Reason for Amendment; see also United States v. Cruickshank, 837 F.3d 1182, 1194 (11th Cir. 2016) (citing United States v. Quintero-Leyva, 823 F.3d 519, 523 (9th Cir. 2016)); United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003).

This two point reduction was included in the calculation of Petitioner's total offense level. Based on a total offense level of 23 and a criminal history category of one (I), Petitioner's guideline imprisonment range became 46 to 57 months. (Id. at § 55). However, because Petitioner was subject to a mandatory minimum term of imprisonment of five years, and because that statutorily required minimum sentence was greater than the maximum applicable guideline range, her sentence remained 60 months. (Id.); see also U.S.S.G. § 5G1.1(b).

"[A] district court is not authorized to sentence a defendant below the statutory mandatory minimum unless the government filed a substantial assistance motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 or the defendant falls within the safety-valve of 18 U.S.C. § 3553(f)." United States v. Castaing-Sosa, 530 F.3d 1358, 1360 (11th Cir. 2008). In this case, the government did not file a substantial assistance motion, nor did Petitioner qualify for safety-valve relief; therefore the district court could not deviate from the mandatory minimum sentence. Id.; see also United States v. Carillo-Ayala, 713 F.3d 82, 88 (11th Cir. 2013) (because a "mandatory minimum sentence trumps and advisory Guideline calculation . . . [,] a first-time offender with a relatively small role in a crime involving a threshold quantity of drugs might find himself sentenced to a five- or ten-year prison term even through his advisory Guideline range suggests a significantly lower sentence") (internal citations omitted).

3

Finding no other statutory basis to reduce Petitioner's sentence, the Court **DENIES** Petitioner's motion for sentence reduction.

### III. CONCLUSION

For the foregoing reasons, Petitioner's motion for modification of her sentence pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

**SO ORDERED** this 9th day of November, 2017.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks